IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHRIS GRINDLING,<br><br>           Plaintiff,<br><br>    vs.<br><br>GILBERT SHIBAO, *et al.*,<br><br>           Defendants. | CV 16-00426 DKW-RLP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING IN PART FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (3) GRANTING MOTION FOR SERVICE** |

**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING IN PART FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (3) GRANTING MOTION FOR SERVICE**

**INTRODUCTION**

On August 18, 2016, Plaintiff Chris Grindling, proceeding pro se, filed a

First Amended Complaint against defendant correctional officers[1] at an institution

at which Grindling was formerly incarcerated, alleging violations of federal law

pursuant to 42 U.S.C. § 1983.  He also submitted a fully executed Application to

---

[1]Although Gilbert Shibao is the only defendant named in the caption of the First Amended Complaint, throughout the body of the pleading, Grindling alleges conduct by other correctional officers who were previously named in his original complaint, including Isaac Gazmen, Bert Sam Fong, Reef Shook, Jared Tajon, Ross Andre and Paulo Faleafine.  Liberally construing the First Amended Complaint, it appears that Grindling intended for these additional parties to be named as defendants, despite their omission from the caption or heading of the First Amended Complaint.

Proceed In Forma Pauperis ("IFP Application"), as directed by the Court's August 8, 2016 Order dismissing his original Complaint.  On August, 29, 2016, Grindling filed a Motion for Service by U.S. Marshal ("Motion for Service").[2]

Because the First Amended Complaint fails to state a claim with respect to Grindling's conspiracy and grievance-based allegations, the Court DISMISSES those portions of the First Amended Complaint with leave to amend pursuant to 28 U.S.C. § 1915(e).  As discussed more fully below, Grindling is once again GRANTED leave to file an amended complaint by no later than **October 28, 2016**. Further, the Court finds that, liberally construed, the First Amended Complaint states a Section 1983 claim for violation of Grindling's Eighth Amendment rights, and, accordingly, the Motion for Service is GRANTED, with instructions below. The IFP Application is also GRANTED.

## DISCUSSION

### I.    Grindling's IFP Application Is Granted

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*,

---

[2]Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours &*

*Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938,

940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with

some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only

determination to be made by the court . . . is whether the statements in the affidavit

satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d

1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to

demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must

nonetheless show that he is "unable to pay such fees or give security therefor."  28

U.S.C. § 1915(a).

Here, the IFP Application indicates that Grindling is not employed and lists

income in the form of $340 in food stamps and $340 in cash per month.

Grindling's debts include $4,700 in district court traffic fines.  Based on the IFP

Application, Grindling's income falls below the poverty threshold identified by the

Department of Health and Human Services ("HHS") 2016 Poverty Guidelines. *See*

2016 HHS Poverty Guidelines, *available at*

https://www.federalregister.gov/articles/2016/01/25/2016-01450/annual-update-of-

the-hhs-poverty-guidelines.  Accordingly, the Court finds that Grindling has made

the required showing under Section 1915 to proceed without prepayment of fees,

and GRANTS his IFP Application.

## II.   Grindling's First Amended Complaint Is Dismissed In Part

### A.   Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C.

§ 1915(a) to mandatory screening and can order the dismissal of any claims it finds

"frivolous, malicious, failing to state a claim upon which relief may be granted, or

seeking monetary relief from a defendant immune from such relief."  28 U.S.C.

§ 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

*sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun*

*v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the

provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Because Grindling is appearing pro se, the Court liberally construes the First

Amended Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also*

*Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has

instructed the federal courts to liberally construe the 'inartful pleading' of pro se

litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

The Court recognizes that "[u]nless it is absolutely clear that no amendment can

cure the defect . . . a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).  The Court notes that, although he is proceeding pro se, Grindling is familiar with the federal court filing system, and initiated the instant case along with three other civil actions on the same day.[3] Prior to the simultaneous filing of those four actions, Grindling has filed at least fifteen actions in the federal courts.[4]

Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]"  A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'"  *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see*

---

[3]*See* Civ. Nos. 16-cv-00423DKW-KSC; 16-cv-00424ACK-KJM; 16-cv-00425JMS-KSC; 16-cv-00426DKW-RLP.
[4]*See, e.g.,* Civ. Nos. 1991-cv-00457 (D. Haw.) (civil rights); 2002-cv-00144 (D. Haw.) (habeas); 2003-cv-00054 (D. Haw.) (habeas); 2005-cv-00694 (D. Haw.) (civil rights); 2006-cv-00438 (D. Haw.) (habeas); 2006-cv-00460 (D. Haw.) (civil rights); 2006-cv-00461 (D. Haw.) (civil rights); 2007-cv-00502 (D. Haw.) (civil rights); 2007-cv-00561 (D. Haw.) (habeas); 2009-cv-00536 (D. Haw.) (civil rights); 2009-cv-00243 (D. Haw.) (habeas); 2009-cv-01685 (D. Ariz.) (civil rights); 09-cv-00547 (D. Haw.) (civil rights); 10-cv-00429 (D. Haw.) (habeas); 14-cv-0009 (D. Haw.) (civil rights); 14-cv-00198 (D. Haw.) (civil rights).  This list is not exhaustive.

*also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet  that the court must accept as true all of the allegations contained in the complaint  "is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

B. **Claims In The First Amended Complaint**

The First Amended Complaint alleges that defendants were correctional officers at "MCCC" during the period of Grindling's incarceration there.  He alleges violations of his Eighth and First Amendment rights as a result of a conspiracy by defendants to both deny him food and prevent him from reporting

their misconduct through the institution's grievance process.  Although he appears

to allege facts that would support an Eighth Amendment claim against some of the

defendants, he fails to state a claim under the First Amendment or sufficiently

allege a conspiracy.

### 1. <u>Eighth Amendment</u>

Grindling alleges that he was intentionally denied food and basic necessities

during his incarceration at MCCC:

> 2. Correctional officers' duty is to report any evidence of
> malnutrition.  The kitchen does not see the meals served
> to me ever.

> 3. Shibao, Sam Fong, Shook, Gazman, Faleafine all ACO's
> who deliberately denied me food failed to report others
> who also were denying me food.  They would write me
> up for complaining of them starving me [] they would
> give me trays that did not have all the required items to
> sustain me.  This denial of food took place whenever I
> lost access to store order food my weight would drop to
> dangerous levels when I could buy food my mom sent
> me maximum allowed.

> 4. All food is provided by ACOs.  They serve all meals.
> They pass out all commissary.  They can take away
> access to commissary.  The kitchen and medical have no
> control of the actual food I am given.  The ACOs know
> how much food I am given.

FAC at 2.  With respect to particular defendants and time periods, Grindling asserts

as follows:

> 1. In 2014 to 2016 the defendants starved the plaintiff on
> repeated occasions.

7

2.      The plaintiff is 6'4" tall and weighed over 300 lbs.  On
        two occasions my weight dropped to 150 lbs.  Plaintiff
        looked like a walking corpse.  The weight loss would
        occur at a rate of 10 lbs. per week.

3.      The plaintiff would be allowed to purchase food at which
        time the weight would return to 230 lbs. to 240 lbs.

4.      When the weight was restored the defendants proceeded
        in starving the plaintiff a second time.

5.      On a few occasion they would take food for just 2 weeks
        and plaintiff would drop 20 lbs.

6.      In June of 2015 ACO Shibao even poisoned plaintiff
        repeatedly.  It took months to recover.  Plaintiff[']s
        stomach would boil.  Would stay up all night due to
        cramps diarrhea was persistent 6 months.

7.      C.O.S. Taylor ordered all meals to be recorded on video.
        When these were subpoenaed they were promptly
        destroyed.  This civil conspiracy by all named defendants
        to starve me.

8.      Plaintiff was housed in solitary confinement and all food
        is controlled by a C.O.S.  The defendants would even
        stop other inmates from sliding food under my door to
        feed.

FAC at 3-4.

Grindling alleges that between 2014 and 2016, Shibao, Sam Fong, Shook,

Gazman, and Faleafine deliberately denied him food, resulting in weight loss of 10

pounds per week.  The Eighth Amendment's prohibition against cruel and unusual

punishment imposes duties on prison officials to "provide humane conditions of

confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.*

Grindling's allegations of the intentional denial of food resulting in a significant loss of weight and illness over the course of months state a sufficiently serious deprivation. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) ("Adequate food is a basic human need protected by the Eighth Amendment."); *see also Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (finding sufficiently serious deprivation where inmate was denied 16 meals in 23 days); *Simmons v. Cook*, 154 F.3d 805, 807-09 (8th Cir. 1998) (affirming Eighth Amendment violation where inmates were deprived of four consecutive meals); *Robles v. Coughlin*, 725 F.2d 12, 16 (2d Cir. 1983) (finding that allegations of deprivation of meals and contaminated food were sufficient to withstand dismissal of inmate's Eighth Amendment claim). Liberally construing his allegations, Grindling states a Section 1983 claim for violation of his Eighth Amendment rights against individual defendants Shibao, Sam Fong, Shook, Gazman, and Faleafine.

## 2. **First Amendment**

Grindling also complains that he suffered a First Amendment violation as a result of defendants "denying him access to [the] grievance process." FAC at 1. He alleges that:

9

1.      Sgt. Tajon and Sgt. Andre are grievance officers.  It's
        their duty to process grievances or assist those who are
        unable to file on their own.  After hundreds of rejections
        both defendants refused to assist me in filing.

                    * * * *

5.      Hundreds of grievances all rejected for process by the
        grievances officers, no one else has that authority.

FAC at 1-2.

        Grindling also avers:

9.      Defendants Andre and Tajon are grievance officer[s].
        They denied access to the grievance process by not
        processing submitted grievances to starve and abuse.

10.     Rejected for process hundreds of grievances without
        explanation or assistance in filing.  This violates policy.
        In the end years went by without exhausting any of my
        issues.

11.     Plaintiff then mailed the rejected grievances to Public
        Safety in flat rate envelopes.  These were tracked and
        insured but they disappeared.

12.     Other grievances vanished.  I was not allowed to appeal
        misconducts or classification.  I had no access to Public
        Safety Department to bring attention to the corruption,
        torture and abuse I was subjected to at MCCC, denial of
        food, clothes, hygiene, recreation, mail.

FAC at 4.

        These allegations demonstrate that Grindling was afforded the right to file

grievances.  Whether certain defendants refused to process grievances, lost them,

denied them, or required a specific procedure to exhaust them, is an insufficient

basis on which to state a claim.  *See, e.g.*, *Ramirez v. Galaza*, 334 F.3d 850, 860

(9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective

grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

1988); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (holding a prison

grievance procedure is a right of expression only and "does not guarantee a

response . . . or the right to compel government officials to act on" it); *Buckley v.

Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same).  Accordingly, Grindling fails to

state a First Amendment claim based upon the grievance process or the denial of

his grievances, and this cause of action is DISMISSED.

### 3.    Conspiracy Claim

As was the case in his original Complaint, Grindling again makes vague

allegations of a conspiracy among defendants to starve him or deny him access to

the grievance process.  As noted previously, to properly assert a conspiracy claim

pursuant to Section 1983, Grindling must "allege specific facts to support the

existence of a conspiracy among the defendants."  *Buckey v. Cnty. of Los Angeles*,

968, 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Dep't*, 839

F.2d 621, 626 (9th Cir. 1988).  He must allege that defendants conspired or acted

jointly in concert and that some overt act was done in furtherance of the

conspiracy.  *Sykes v. State of Calif.*, 497 F.2d 197, 200 (9th Cir. 1974).  To state a

claim for conspiracy in this context, a plaintiff must plead that "two or more

persons conspire[d] for the purpose of impeding, hindering, obstructing, or

defeating . . . the due course of justice in any State or Territory, with intent to deny

to any citizen the equal protection of the laws . . . ." 42 U.S.C. § 1985(2).  Section

1985 therefore requires "an allegation of class-based animus for the statement of a

claim" under its second clause.  *Portman v. Cnty. of Santa Clara*, 995 F.2d 898,

908-09 (9th Cir. 1993) (internal quotations omitted).  Grindling fails to include

such an allegation in the First Amended Complaint.  Consequently, he fails to state

a claim for conspiracy under Section 1985, and this cause of action is

DISMISSED.

## III.   <u>Limited Leave to Amend</u>

The dismissal of portions of Grindling's First Amended Complaint is

without prejudice.  Grindling is granted leave to amend to cure the deficiencies

identified above.  If Grindling chooses to file an amended complaint, he must write

short, plain statements telling the Court: (1) the specific basis of this Court's

jurisdiction; (2) the constitutional or statutory right Grindling believes was

violated; (3) the name of the defendant who violated that right; (4) exactly what

that defendant did or failed to do; (5) how the action or inaction of that defendant

is connected to the violation of Grindling's rights; and (6) what specific injury

Grindling suffered because of that defendant's conduct.  Grindling must repeat this

process for each person or entity that he names as a defendant.  If Grindling fails to

affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim. *See Nichols v. Logan*, 355 F. Supp. 2d 1155, 1165 (S.D. Cal. 2004) ("A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains.'") (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "Second Amended Complaint" and may not incorporate any part of the First Amended Complaint. Rather, any specific allegations must be retyped or rewritten in their entirety.

Plaintiff may include only one claim per count.  To be clear, if Grindling elects to file a Second Amended Complaint, he must also re-allege his Eighth Amendment claim set forth in the First Amended Complaint, in addition to attempting to cure the deficiencies identified with respect to his First Amendment and conspiracy claims that are dismissed by this order.

## IV.   <u>Service of First Amended Complaint</u>

Based upon the granting of the IFP Application and the preceding discussion of Grindling's Section 1983 claims, the Court hereby GRANTS the Motion for Service.  Service of the summons and First Amended Complaint is appropriate for Defendants Gilbert Shibao, Isaac Gazmen, Bert Sam Fong, Reef Shook, and Paulo Faleafine.  The U.S. Marshal is ORDERED to serve the First Amended Complaint and summons on Defendants Gilbert Shibao, Isaac Gazmen, Bert Sam Fong, Reef Shook, and Paulo Faleafine as directed by Plaintiff.  *See* Fed. R. Civ. P. 4(c)(3).  If Defendants accept waivers of service of the summons, they SHALL return the completed waiver of service documents to the U.S. Marshal within thirty days of the date these documents were sent.  The U.S. Marshal shall then file the waiver with the court.  After service is perfected, Defendants are ORDERED to file an Answer or other responsive pleading to the Complaint within the time allowed under Fed. R. Civ. P. 4(d)(3) and 12(a)(1)(A).

IT IS HEREBY ORDERED that:

(1)      Service is appropriate for Defendants Gilbert Shibao, Isaac Gazmen,

Bert Sam Fong, Reef Shook, and Paulo Faleafine.  The Clerk's Office is directed to

send to Plaintiff for each Defendant to be served:  one copy of the endorsed First

Amended Complaint, one summons, one USM-285 form, one Notice of Lawsuit

and Request for Waiver of Service for Summons form (AO 398), two (2) Waiver

of Service of Summons forms (AO 399), and an instruction sheet.  The Clerk shall

send a copy of this order to the U.S. Marshal.

Plaintiff shall complete the forms as directed and submit these documents to

the U.S. Marshal in Honolulu, Hawaii.  *See* Fed. R. Civ. P. 4(i).

(2)  Upon receipt of these documents, the U.S. Marshal shall mail a copy of

the First Amended Complaint, a completed Notice of Lawsuit and Request for

Waiver of Service forms (AO 398), and two completed Waiver of Service of

Summons forms (AO 399) (two for each defendant), as directed by Plaintiff

pursuant to Fed. R. Civ. P. 4 without payment of costs.

(3)      The U.S. Marshal shall retain the summons and a copy of the First

Amended Complaint.  Defendants Gilbert Shibao, Isaac Gazmen, Bert Sam Fong,

Reef Shook, and Paulo Faleafine shall return the Waiver of Service forms to the

U.S. Marshal within a reasonable time, not more than thirty days from the date

requests for waiver are mailed.  If the Waiver of Service of Summons forms and

requests for waiver are returned as undeliverable, the U.S. Marshal shall immediately file them with the court.

(4)     If Defendants Gilbert Shibao, Isaac Gazmen, Bert Sam Fong, Reef Shook, Paulo Faleafine do not timely return the Waiver of Service of Summons forms within thirty days of mailing, the U.S. Marshal shall:

a. Personally serve Defendants Gilbert Shibao, Isaac Gazmen, Bert Sam Fong, Reef Shook, and Paulo Faleafine pursuant to Fed. R. Civ. P. 4 and 28 U.S.C. § 566(c).

b. Within ten days after personal service is effected, file the return of service for each Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office for photocopying additional copies of the summons and First Amended Complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

(5)     Defendants Gilbert Shibao, Isaac Gazmen, Bert Sam Fong, Reef Shook, and Paulo Faleafine shall file an answer or other responsive pleading to Plaintiff's Complaint within sixty (60) days after the request for waiver of service

16

was sent (if formal service is waived), or twenty (20) days after personal service.

Failure to do so may result in the entry of default judgment.

(6)     Plaintiff shall inform the court of any change of address by filing a

"NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only

information about the change of address and its effective date and shall not include

requests for other relief.  Failure to file such notice may result in the dismissal of

the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(7)     Plaintiff is cautioned that if he fails to comply with this Order and his

non-compliance prevents timely and proper personal service upon Defendants as

set forth in Fed. R. Civ. P. 4(m), this action is subject to dismissal for failure to

serve.

(8)     After the First Amended Complaint is served, Plaintiff must serve a

copy of all further documents submitted to the court on Defendants Gilbert Shibao,

Isaac Gazmen, Bert Sam Fong, Reef Shook, and Paulo Faleafine or their attorneys.

The U.S. Marshal is not responsible for serving these documents on Plaintiff's

behalf.  Plaintiff shall include, with any original paper filed with the Clerk of

Court, a certificate stating the date that an exact copy of the document was mailed

to Defendant or his counsel.  Any paper received by a District or Magistrate Judge

that has not been filed with the Clerk of Court or that does not include a certificate

of service will be disregarded.

17

(9)  Until the First Amended Complaint is served and Defendants or their attorneys file a notice of appearance, Plaintiff SHALL NOT FILE, and the court will take no action, on motions or requests to the court.

## CONCLUSION

Based on the foregoing, the Court GRANTS the IFP Application and DISMISSES in part the First Amendment and conspiracy claims with leave to amend.  Grindling is GRANTED leave to file a Second Amended Complaint by no later than **October 28, 2016** in order to cure the deficiencies noted in this order.

Grindling's Motion for Service is GRANTED.  Service is appropriate for Defendants Gilbert Shibao, Isaac Gazmen, Bert Sam Fong, Reef Shook, and Paulo Faleafine.  The Clerk's Office is directed to send to Plaintiff for each Defendant to be served: one copy of the endorsed First Amended Complaint (if he has not already received a copy), one summons, one USM-285 form, one Notice of Lawsuit and Request for Waiver of Service for Summons form (AO 398), two (2) Waiver of Service of Summons forms (AO 399), and an instruction sheet. Grindling shall complete the forms as directed and submit these documents to the U.S. Marshal in Honolulu, Hawaii.

The Clerk shall send a copy of this order to the U.S. Marshal.

IT IS SO ORDERED.

Dated: September 29, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Grindling v. Shibao et al.; CV 16-00426 DKW-RLP; **ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) DISMISSING IN PART FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (3) GRANTING MOTION FOR SERVICE**