IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CHRIS GRINDLING,<br><br>Plaintiff,<br><br>vs.<br><br>GILBERT SHIBAO, *et al.*,<br><br>Defendants. | CV. NO. 16-00426 DKW-RLP<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY** |

**INTRODUCTION**

On August 18, 2016, Plaintiff Chris Grindling, proceeding pro se, filed an Application to Proceed In Forma Pauperis ("IFP Application"), together with a First Amended Complaint alleging Section 1983 claims against correctional officers employed at an institution at which Grindling was formerly incarcerated. On September 29, 2016, the Court granted Grindling's IFP Application and dismissed portions of his First Amended Complaint. Dkt. No. 11 (9/29/16 Order). Defendants presently seek a stay of this matter pending resolution of state court

proceedings raising similar issues. Because Defendants have not established an entitlement to a stay, the Motion is denied.[1]

## **DISCUSSION**

Defendants appear to seek a discretionary stay of Grindling's Section 1983 claims because he raises similar allegations in pending state court actions regarding the denial of food while in state custody. As discussed more fully below, because the Court cannot determine whether the relevant factors weigh in favor of their request, and because Defendants have the burden of demonstrating the need for a discretionary stay, Defendants' request is denied.

## **I.    Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court[.]").

---

[1] Defendants also moved to revoke Grindling's *in forma pauperis* status, *see* Dkt. No. 45 at 2-3. Defendants, however, withdrew this portion of the Motion in their reply brief. Dkt. No. 50.

When a stay is requested because of pending proceedings that bear on the case, the Court may grant a stay in the interests of the efficiency of its own docket and fairness to the parties. *See Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The Ninth Circuit set out the following framework for analyzing motions to stay pending resolution of related matters:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (9th Cir. 2005) (quoting *CMAX*, 300 F.2d at 268). *See also Dependable Highway Express v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) (In determining the propriety of a stay, courts consider the possible effects of judicial economy as well as the potential harm to the parties and the public interest.)

The party seeking to stay the proceedings carries "the burden of establishing its need." *Clinton*, 520 U.S. at 708 (citing *Landis*, 299 U.S. at 255); *see also Fed. Home Loan Mortg. Corp. v. Kama*, No. CIV. 14-00137 ACK, 2014 WL 4980967, at *3–4 (D. Haw. Oct. 3, 2014).

## II. The Request To Stay Is Denied

Defendants' Motion, sparse on details, seeks a stay of this matter pending resolution of ongoing state court cases. Defendants, however, have provided little information on the pending state court matters. The Motion states only that Grindling "has raised the same issue about adequate food in at least two other cases currently pending in state court on Maui: *Chris Grindling v. Ted Sakai et al*, Civil No: 13-1-0094(2) PTC and *State of Hawaii v. Christopher Grindling*, CR No. 15-1-0968 (3) JPC." Mem. In Supp. at 2-3. Defendants do not explain how or to what extent Grindling raises similar claims in the state criminal matter, *State of Hawaii v. Grindling*, CR No. 15-1-0968 (3) JPC, or provide any details of the nature of that pending proceeding. They do, however, attach as an exhibit to their Motion, Findings of Fact and Conclusions of Law issued by the Circuit Court of the Second Circuit, State of Hawaii on March 3, 2015, which denied Grindling's motion for preliminary injunction in *Grindling v. Sakai*, Civil No: 13-1-0094(2) PTC. *See* Mem. In Supp. Ex. B (3/3/15 Order), Dkt. No. 45-2. Based upon that exhibit, the totality of Defendants' argument in support of their request to stay the instant matter is as follows—

> In *Grindling v. Ted Sakai*, after an extended evidentiary hearing on Grindling's Motion for a Preliminary Injunction, Judge Cahill made the following findings of fact and conclusion of law:

4

> "29. The credible evidence shows that if Grindling has been losing weight while at MCCC, it is only because he is not eating and he is not eating, because he wants to lose weight to stay on Maui. This may in part be related to his fear [of] retaliation from other inmates should he be returned to Halawa."
>
> Although the above findings are not technically res judicata, as no final judgment has yet been entered, the same claims have been made in a presently pending lawsuit, this current federal suit according to existing federal law, should either be dismissed without prejudice or stayed pending resolution of the state court actions. *McGreghar Land Company v. Meguiar*, 521 F.2d 822 (9th Cir. 1975).

Mem. In Supp. at 4 (quoting Ex. B) (footnoted omitted). Defendants fail to provide any additional context to aid the Court in its determination of whether a discretionary stay is appropriate here. Based on this showing, Defendants' Motion falls short of meeting the standard for a stay pending the outcome of the two identified state court proceedings.

### A. <u>Possible Damage And Weighing Of Hardships</u>

Defendants' Motion fails to address any of the relevant factors to assist in the Court's analysis of the possible damage which may result from the granting of a stay and the hardship or inequity which a party may suffer in being required to go forward. *See Lockyer*, 398 F.3d at 1109–10 ("A party seeking a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.") (quoting *Landis v. N. Am. Co.*, 299 U.S. at 254). Moreover, the

Ninth Circuit is clear that "'being required to defend a suit [without more] does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*.'" *Dependable Highway Exp.*, 2007 WL 2379611, at *4 (quoting *Lockyer*, 398 F.3d at 1112).[2]

### B. <u>Orderly Course Of Justice</u>

Nor have Defendants demonstrated that a stay would serve judicial economy or the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. For example, Defendants do not detail the claims asserted in *Grindling v. Sakai*, how the facts otherwise overlap with Grindling's claims in the instant federal matter,[3] or the current status of the state court proceedings—other than to note that "judgment has not been entered"—nor do they offer any insight into whether there is a potential for conflicting judgments between the state and federal actions. In terms of simplifying or reducing the federal litigation, a picture

---

[2]By contrast, Grindling could very well experience prejudice by halting this action. *See I.K. ex rel. E.K. v. Sylvan Union Sch. Dist.*, 681 F. Supp. 2d 1179, 1191, 1193 (E.D. Cal. 2010) ("If a stay of this action is granted, at least one form of potential damage that Plaintiff[] could experience is a delay in obtaining money damages on [his] federal claims. . . . Another form of potential damage to Plaintiff[] if this case is stayed is the inability, during the stay, to conduct timely discovery and gather evidence as to non-overlapping aspects of the federal litigation.").
[3]Grindling's First Amended Complaint alleges that he was intentionally denied food and basic necessities during his incarceration at Maui Community Correctional Center ("MCCC"), and that between 2014 and 2016, Defendants Shibao, Sam Fong, Shook, Gazman, and Faleafine deliberately denied him food, resulting in weight loss of 10 pounds per week. FAC at 2-4; *see also* 9/29/16 Order at 8-9 (finding FAC states a Section 1983 claim for violation of the Eighth Amendment).

does not readily emerge of any factual or legal benefit to be realized in the reasonably foreseeable future by issuing a stay.

### C. Summary

The Court cannot determine with certainty based upon Defendants' filings (1) the possible damage that may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, or (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. To the extent the Court can weigh these factors, based on the current record, they do not tip in favor of a stay. As a result, the Court, in its discretion, determines that a stay is not appropriate at this time.

## CONCLUSION

Based on the foregoing, the Court DENIES Defendants' Motion to Stay without prejudice. Dkt. No. 45.

IT IS SO ORDERED.

Dated: June 20, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Grindling v. Shibao et al.*; CV 16-00426 DKW-RLP; **ORDER DENYING DEFENDANTS' MOTION TO STAY**